IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Dino Loren Smith, | NO. C 09-05602 JW |
| Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
| v. | |
| Gary Swarthout, Acting Warden, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner, represented by counsel, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his detention at the California State Prison, Solano, in Vacaville, California. (Petitioner for Habeas Corpus, hereafter, "Petition," Docket Item No. 1.) For good cause shown, the Court orders Respondent to show cause why the Petition should not be granted.

## II. BACKGROUND

According to the Petition, this case involves a high profile San Francisco jewel heist where two men broke into a vacate storefront. (Petition at 4.) Once inside the store, the men hid until morning arrival of the staff. When the four employees arrived, they were overpowered with gunpoint, and made to open the safes. The men then took millions in jewels and escaped the same way they came in. On June 3, 2004, Petitioner, the first of the suspects to stand trial, was apprehended in Queens, New York. (Id.)

On March 8, 2005, Petitioner was charged with fourteen counts, including second degree robbery, false imprisonment, two commercial burglaries, felon in possession of a gun, conspiracy

and two counts of kidnapping. (Petition at 4.) The information alleged, among other things, three prior strike convictions. (Id.) On May 3, 2005, the matter proceeded to trial. (Petition at 5.) On June 3, 2005, the jury found Petitioner guilty of three of the four charged robberies, three of four charged false imprisonments, one count of burglary, and conspiracy. (Id.) On June 6, 2005, the jury returned verdicts finding three strike allegations. (Id.)

On November 10, 2005, the trial court denied Petitioner's Motion for a new trial. (Petition at 5.) The trial court then struck two of the prior strikes. (Id.) Petitioner was subsequently sentenced to 23 years. Petitioner appealed, and on December 20, 2007, the First District Court of Appeal affirmed his conviction. (Petition at 2.) Petitioner states that "because some of the claims in this petition present collateral evidence and facts that are outside the record on appeal, petitioner had to raise some claims by way of a petition for writ of habeas corpus which is presently pending in the San Francisco Superior Court." (Petition at 2-3.)

On November 25, 2009, Petitioner filed this Petition pursuant to 28 U.S.C. § 2254(d).

### III.  DISCUSSION

**A.  Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appear from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

Petitioner alleges nine claims; the Court reviews a sampling for the purposes of this OSC: (1) Petitioner was deprived of due process of law and a fair trial by the prosecution's failure to turn over material and exculpatory evidence and witnesses in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2) prosecutory misconduct, (3) ineffective assistance of counsel; (4) Petitioner was denied

2

of his due process rights under Miranda v. Arizona, 384 U.S. 436 (1966); (5) improper jury instructions. (Petition at 6-9.) Liberally construed, Petitioner's claim appears cognizable under § 2254 and merits an answer from Respondent.

Accordingly, the Court ORDERS Respondent to show cause why Petitioner's Petition for a writ of habeas corpus should not be granted.

## IV.  CONCLUSION

The Court ORDERS as follows:

1. The Clerk shall serve by mail a copy of this Order and the Petition and all attachments upon Respondent and Respondent's attorneys, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 7, 2010

*James Ware*
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Geri Lynn Green gerilynngreen@gmail.com

| | |
|---|---|
| **Dated:  January 7, 2010** | **Richard W. Wieking, Clerk** |
| | **By:    /s/ JW Chambers** |
| | **Elizabeth Garcia** |
| | **Courtroom Deputy** |

**United States District Court**
For the Northern District of California