United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DINO LOREN SMITH, ) | Case No. 09-CV-05602-LHK |
| ) | |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| v. ) | |
| ) | |
| GARY SWARTHOUT, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On November 25, 2009, Petitioner Dino Loren Smith ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his detention at the California State Prison, Solano, in Vacaville, California. ECF No. 1. On May 15, 2013, Petitioner filed an Amended Petition for Writ of Habeas Corpus. ECF No. 15 ("Pet."). For good cause shown, the Court hereby ORDERS Respondent to show cause why the Amended Petition should not be granted.

**I.     BACKGROUND**

According to the Amended Petition, this case involves a high profile San Francisco jewel heist where two men broke into a vacant storefront. Pet. ¶ 168. Once inside the store, the men hid until the staff's arrival in the morning. When the four employees arrived, they were overpowered at gunpoint, and made to open the safes. The men then took millions in jewels and escaped the same way they had come in. On June 3, 2004, Petitioner, the first of the suspects to stand trial, was apprehended in Queens, New York. *Id.* ¶ 222.

On March 8, 2005, Petitioner was charged with fourteen counts, including four counts of second-degree robbery, two counts of kidnapping, four counts of false imprisonment, two counts of commercial burglary, one count of being a felon in possession of a firearm, and one count of conspiracy to commit robbery.  Pet. ¶ 10.  The information alleged, among other things, two prior strike convictions.  *Id.* ¶ 12.  On May 3, 2005, the matter proceeded to trial.  *Id.* ¶ 13.  On June 3, 2005, the jury found Petitioner guilty of three of the four charged robberies, three of the four charged false imprisonments, one count of burglary, and conspiracy.  *Id.* ¶ 17.

On November 10, 2005, the trial court denied Petitioner's Motion for a New Trial.  Pet. ¶¶ 23-24.  The trial court then struck two of the prior strikes.  *Id.* ¶ 22.  Petitioner was subsequently sentenced to twenty-three years' imprisonment.  *Id.* ¶ 24.  Petitioner appealed, and on December 20, 2007, the First District Court of Appeal affirmed his conviction.  *Id.* ¶¶ 26-27.  Thereafter, Petitioned filed a Petition for Review in the California Supreme Court (Case No. S160467), and review was granted on April 09, 2008.  *Id.* ¶ 28.  The California Supreme Court dismissed the Petition and remanded the matter to the First District Court of Appeal on August 27, 2008.  *Id.* ¶ 29.  The First District Court of Appeal issued its Remittitur on September 5, 2008.  *Id.* ¶ 30.

On November 25, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus in federal court pursuant to 28 U.S.C. § 2254(d).  ECF No. 1.  Petitioner subsequently filed an unopposed Motion to Stay the Federal Habeas Petition Pending Exhaustion of Claims in State Court.  ECF No. 10.  U.S. District Judge James Ware granted the Motion to Stay on March 5, 2010, and administratively closed the case.  ECF No. 12.

On May 15, 2013, Petitioner filed an Amended Petition for Writ of Habeas Corpus.  *See* Pet.  In the Amended Petition, Petitioner indicated that state court proceedings on several of his claims remained ongoing and accordingly asked that the stay remain in place.  *Id.* at 106.  In spite of this, the case was reopened on June 25, 2013, and reassigned to the undersigned judge. ECF No. 20.

On January 15, 2014, the Court reinstated the stay because state court proceedings on Petitioner's claims were still in progress.  ECF No. 23.  Within thirty days of a final decision by the

state court on Petitioner's unexhausted claims, any party would be allowed to move to reopen the case. *Id.* at 2.

On October 22, 2014, the California Supreme Court denied Petitioner's Successive Petition for Habeas Corpus, thereby completing his exhaustion of all claims. ECF No. 24, Ex. A. On November 18, 2014, Petitioner moved to reopen the instant matter of his federal Petition for Writ of Habeas Corpus and lift the stay of proceedings. ECF No. 24.

On August 13, 2015, the Court granted Petitioner's motion to reopen and lifted the stay that had been in place since January 15, 2014. ECF No. 26.

## II. DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Claims

Petitioner asserts nine claims: (1) Petitioner was deprived of due process of law and a fair trial by the prosecution's failure to turn over material and exculpatory evidence and witnesses in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) prosecutorial misconduct; (3) ineffective assistance of counsel; (4) Petitioner was denied his due process rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); (5) insufficient evidence; (6) improper jury instructions; (7) cumulative prejudice; (8) Petitioner was denied his right to self-representation; and (9) Petitioner's sentence is unconstitutional. Pet. ¶¶ 58-93.

The claims appear cognizable under § 2254 and merit an answer from Respondent. Accordingly, the Court hereby ORDERS Respondent to show cause why the Amended Petition should not be granted.

**III.    CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Amended Petition (ECF No. 15) and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Amended Petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer.

4. Respondent may file a Motion to Dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty (60) days** of the issuance of this Order.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within **fifteen (15) days** of receipt of any Opposition.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must also keep the Court and all parties informed of any change of address.  Petitioner must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 13, 2015

_____
LUCY H. KOH
United States District Judge