1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

DINO LOREN SMITH,

Petitioner,

13

14

v.

15

GARY SWARTHOUT,

16

Respondent.

17

Case No. 09-CV-05602-LHK

**ORDER GRANTING WITHDRAWAL OF COUNSEL AND STIPULATION TO EXTEND TIME TO FILE TRAVERSE; DENYING AS MOOT MOTION TO EXTEND TIME**

Re:  Dkt. No. 35, 36, 37

18       Counsel for Petitioner Dino Loren Smith ("Petitioner") has moved ex parte to withdraw as

19    counsel.  ECF No. 36.  Petitioner also moves to extend the time for Petitioner to file a traverse to

20    the answer to Petitioner's petition for habeas corpus, ECF No. 35, and the parties additionally filed

21    a stipulation to extend the time for Petitioner to file a traverse, ECF No. 37.  Having considered

22    the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS

23    the motion to withdraw and stipulation to extend to time, and DENIES as moot Petitioner's

24    motion to extend time.

25    **I.       BACKGROUND**

26       On November 25, 2009, Petitioner, represented by counsel, filed a petition for writ of

27

1

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1 habeas corpus pursuant to 28 U.S.C. § 2254 challenging his detention at the California State

2 Prison, Solano, in Vacaville, California.  ECF No. 1.  On May 15, 2013, Petitioner filed an

3 amended petition for writ of habeas corpus.  ECF No. 15.  On August 13, 2015, this Court ordered

4 Respondent Gary Swarthout ("Respondent") to show cause why the amended petition should not

5 be granted.  ECF No. 27.  This Court gave Respondent sixty days, or until October 12, 2015, to

6 file an Answer.  *Id.*

7 On October 12, 2015, Respondent filed an application for extension of time to file a

8 response.  ECF No. 29.  Respondent provided no explanation for the delay in requesting a sixty-

9 day extension of time.  *See id.*  On October 13, 2015, pursuant to Civil Local Rule 6-3 and Habeas

10 Local Rule 2254-6, the Court granted Respondent the requested extended of time.  ECF No. 30.

11 Respondent filed an answer to the petition on December 11, 2015.  ECF No. 31.  The Court set a

12 deadline of January 20, 2016 for Petitioner to file a traverse.  *Id.*

13 On January 5, 2016, Petitioner moved for a ninety-day extension of time to file the

14 traverse, based on a forthcoming motion to withdraw by Petitioner's pro bono counsel Geri Lynn

15 Green ("Green").  ECF No. 35.  On January 6, 2016, Green filed an ex parte motion to withdraw.

16 ECF No. 36.  In the motion and supporting declaration, Green represents that her "serious health

17 concerns" require Green to work only limited hours and render her "unable to continue

18 representing Petitioner."  *Id.*  Green also represents that there are no other attorneys within her law

19 office to take over the representation.  *Id.*  Green mailed to Petitioner the Respondent's 3000-page

20 answer and a letter explaining Green's need to be relieved as counsel, as well as the financial

21 declarations required for Petitioner to seek appointment of counsel.  *Id.*  Although Petitioner

22 apparently received these documents, Green has not been able to speak to Petitioner about the

23 motion to withdraw.  Green represents that Respondent's counsel has no objection to Green's

24 withdrawal or the requested extension of time.  *Id.*

25 On January 12, 2016, the parties filed a joint stipulation to extend the time for Petitioner to

26 file a traverse, until April 13, 2016.  ECF No. 37.  Green further explained that her health issues

27 2

28 Case No. 09-CV-05602-LHK
ORDER GRANTING WITHDRAWAL OF COUNSEL AND STIPULATION TO EXTEND TIME TO FILE
TRAVERSE; DENYING AS MOOT MOTION TO EXTEND TIME

1 | have compounded since filing the motion to withdraw, and her current health condition renders

2 | her "unable to work." *See id.*

3 | **II.     LEGAL STANDARD**

4 | Pursuant to Civil Local Rule 11-5(b), counsel may not withdraw from an action until

5 | relieved by order of the Court after written notice has been given reasonably in advance to the

6 | client and to all other parties who have appeared in the case.  Civ. L.R. 11-5(b).  The decision to

7 | permit counsel to withdraw is within the sound discretion of the trial court.  *United States v.*

8 | *Carter,* 560 F.3d 1107, 1113 (9th Cir. 2009).  When addressing a motion to withdraw, the consent

9 | of the client is not dispositive.  *Robinson v. Delgado,* No. CV 02-1538 NJV, 2010 WL 3259384, at

10 | *2 (N.D. Cal. Aug.18, 2010).  Rather, the court must consider factors such as the reason counsel

11 | seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which

12 | withdrawal may delay resolution of the case.  *Id.*

13 | Additionally, Civil Local Rule 11-4(a)(1) mandates compliance with the standards of

14 | professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1).

15 | The California Rules of Professional Conduct requires counsel to withdraw in cases where the

16 | counsel's "mental or physical condition renders it unreasonably difficult to carry out the

17 | employment effectively."  Cal. Rules of Prof'l Conduct 3-700(B)(3).  Additionally, the Rules of

18 | Professional Conduct permit counsel to withdraw in cases where the counsel's "mental or physical

19 | condition renders it difficult for the member to carry out the employment effectively."  *Id.* 3-

20 | 700(C)(4).  In all cases, counsel must take "reasonable steps to avoid reasonably foreseeable

21 | prejudice to the rights of the client, including giving due notice to the client, allowing time for

22 | employment of other counsel, complying with Rule 3-700(D) [which addresses the disposition of

23 | client papers and property], and complying with applicable laws and rules."  *Id.* 3-700(A)(2).

24 | **III.    DISCUSSION**

25 | As a preliminary matter, the Civil Local Rules require that, unless otherwise ordered by the

26 | Court, a party may file an ex parte motion only if authorized by statute, Federal Rule, local rule, or

27 | 3

28 | Case No. 09-CV-05602-LHK
ORDER GRANTING WITHDRAWAL OF COUNSEL AND STIPULATION TO EXTEND TIME TO FILE
TRAVERSE; DENYING AS MOOT MOTION TO EXTEND TIME

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Standing Order. Civ. L.R. 7-10. Green's motion to withdraw does not cite any authority

2   permitting the filing of an ex parte motion. *See* ECF No. 36. However, Green represents, under

3   penalty of perjury, that Green served opposing counsel with the motion to withdraw and opposing

4   counsel does not object to the motion. *See id.* Accordingly, the Court will treat Green's motion to

5   withdraw as a request to file the motion ex parte. Based on Green's representations that opposing

6   counsel does not oppose the motion to withdraw, and the upcoming deadline for Petitioner to file a

7   traverse, the Court GRANTS Green's motion to file the motion to withdraw ex parte.

8          With respect to the motion to withdraw, Green represents that her poor physical health

9   renders Green unable to continue representing Petitioner. *See* ECF Nos. 36, 37. This qualifies as

10   a permissible reason to withdraw. *See* Cal. Rules of Prof'l Conduct 3-700(B)(3), (C)(4).

11   Additionally, Green has given notice to Petitioner, requested an extension of time to file the

12   traverse, and provided Petitioner with Respondent's answer and the financial paperwork necessary

13   to request the appointment of new counsel. *See* ECF No. 36. The Court therefore concludes that

14   Green has taken reasonable efforts to avoid prejudice to Petitioner, and GRANTS the motion to

15   withdraw. To minimize the prejudice to Petitioner of Green's withdrawal, the Court GRANTS the

16   parties' stipulation to extend the time to file a traverse to April 13, 2016. Consequently, the Court

17   DENIES as moot Petitioner's motion to extend time. *See* ECF No. 35.

18          As a result of this motion, Petitioner must find new counsel or file the traverse *pro se.*

19   Petitioner may seek appointment of counsel from the Court, but the Court notes that the Sixth

20   Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*,

21   791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court

22   to appoint counsel to represent a habeas petitioner if "the court determines that the interests of

23   justice so require," the courts have made appointment of counsel the exception rather than the rule.

24   Appointment is mandatory only when the circumstances of a particular case indicate that

25   appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d

26   1191, 1196 (9th Cir. 1986). Courts have limited appointment of counsel to: (1) capital cases; (2)

27                                                        4

Case No. 09-CV-05602-LHK
28   ORDER GRANTING WITHDRAWAL OF COUNSEL AND STIPULATION TO EXTEND TIME TO FILE
TRAVERSE; DENYING AS MOOT MOTION TO EXTEND TIME

1  cases that turn on substantial and complex procedural, legal or mixed legal and factual questions;

2  (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to

3  require the assistance of experts either in framing or in trying the claims; (5) cases in which

4  petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See*

5  *generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-

6  86 (2d ed. 1994).  Petitioner should address this standard for appointment of counsel should

7  Petitioner seek appointment of counsel.

8      Under Civil Local Rule 11-5(b), when withdrawal by an attorney is not accompanied by

9  simultaneous appearance of substitute counsel, the court may grant withdrawal subject to the

10  condition that papers continue to be served on counsel for forwarding purposes, unless and until

11  the client appears by other counsel.  *See* Civ. L.R. 11-5(b); *Sun v. Rickenbacker Collection*, No.

12  10-CV-01055-LHK, 2011 WL 1344413, at *2 (N.D. Cal. Apr. 8, 2011) (requiring papers continue

13  to be served on counsel for forwarding purposes for thirty days).  Green represents that papers

14  may continue to be served on the Law Office of Geri Lynn Green for forwarding purposes until

15  Petitioner appears by other counsel or *pro se*.  ECF No. 36.  Accordingly, the Court grants

16  withdrawal subject to the condition that papers continue to be served on the Law Office of Geri

17  Lynn Green until new counsel appears or Petitioner indicates that Petitioner will proceed *pro se*.

18  The Court also orders Green to serve this Order on Petitioner by certified mail and file proof of

19  service with the Court by January 18, 2016.

20  **IV.    CONCLUSION**

21      For the foregoing reasons, the Court GRANTS Green's motion to withdraw subject to the

22  condition that papers continue to be served on the Law Office of Geri Lynn Green for forwarding

23  purposes until Petitioner appears by new counsel or *pro se*.  The Court also GRANTS the parties'

24  stipulation to extend the time for Petitioner to file the traverse to April 13, 2016, and accordingly

25  DENIES as moot Petitioner's motion to extend time.  Green shall forward this order to Petitioner

26  and shall file proof of service with the Court by January 18, 2016.

27

28

*United States District Court*
*Northern District of California*

5

Case No. 09-CV-05602-LHK
ORDER GRANTING WITHDRAWAL OF COUNSEL AND STIPULATION TO EXTEND TIME TO FILE
TRAVERSE; DENYING AS MOOT MOTION TO EXTEND TIME

**IT IS SO ORDERED.**

Dated:  January 13, 2016

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

6

United States District Court
Northern District of California