UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DINO LOREN SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | Case No. 09-CV-05602-LHK<br><br>**ORDER DENYING MOTION FOR COURT-APPOINTED ATTORNEY**<br><br>Re: Dkt. No. 40 |

On November 25, 2009, Petitioner Dino Loren Smith ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his detention at the California State Prison, Solano, in Vacaville, California. ECF No. 1. On May 15, 2013, Petitioner filed an Amended Petition for Writ of Habeas Corpus. ECF No. 15. On August 13, 2015, this Court ordered Respondent Gary Swarthout ("Respondent") to show cause why the Amended Petition should not be granted. ECF No. 27. Respondent filed an Answer to the Amended Petition on December 11, 2015. ECF No. 31.

On January 6, 2016, Petitioner's attorney moved to withdraw as counsel due to serious health concerns. ECF No. 36. Petitioner's counsel informed the Court that Petitioner's counsel had "sent to [Petitioner] the financial declarations required for the Court's consideration of

1  appointing [Petitioner] CJA counsel" and "believed that Petitioner will be requesting the
2  appointment of counsel." *Id.* at 1-2. On January 13, 2016, the Court granted Petitioner's
3  counsel's motion to withdraw. ECF No. 38. The Court explained that "[a]s a result of this
4  motion, Petitioner must find new counsel or file the traverse *pro se*." *Id.* at 4. The Court also
5  informed Petitioner that appointment of counsel in habeas cases is "the exception rather than the
6  rule," and requested that Petitioner address the standard for appointment of counsel should
7  Petitioner seek appointment of counsel. *Id.* at 4-5.

8  As of the date of the instant order, Petitioner has not filed a formal motion for appointment
9  of counsel. However, on January 27, 2016, Petitioner filed a financial affidavit titled "Expanded
10 declaration in support of attorney or other services pursuant to the Criminal Justice Act." ECF
11 No. 40. The Court will construe Petitioner's financial affidavit as a motion for appointment of
12 counsel. First, Petitioner is now pro se, and the Court must construe Petitioner's motions liberally.
13 *See Robles v. Duncan*, 74 F. App'x 750, 752 (9th Cir. 2003). Petitioner's financial affidavit is "in
14 support of attorney . . . pursuant to the Criminal Justice Act," which indicates that Petitioner seeks
15 an attorney pursuant to the Criminal Justice Act. ECF No. 40. Second, as noted above,
16 Petitioner's former counsel indicated that Petitioner would likely seek appointment of counsel.
17 ECF No. 36.

18 The Sixth Amendment's right to counsel does not apply in habeas corpus actions.
19 *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B)
20 authorizes a district court to appoint counsel to represent a habeas petitioner if "the court
21 determines that the interests of justice so require," the courts have made appointment of counsel
22 the exception rather than the rule. Appointment is mandatory only when the circumstances of a
23 particular case indicate that appointed counsel is necessary to prevent due process violations. *See*
24 *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Courts have limited appointment of
25 counsel to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or
26 mixed legal and factual questions; (3) cases involving uneducated or mentally or physically
27 impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in

1  trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6)
2  factually complex cases.  *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice
3  and Procedure § 12.3b at 383-86 (2d ed. 1994).
4    Here, no evidentiary hearing appears necessary, nor are any other extraordinary
5  circumstances apparent.  Additionally, Petitioner had the aid of counsel in preparing the Amended
6  Petition for Writ of Habeas Corpus.  At this time, appointment of counsel is not mandated, and the
7  interests of justice do not require appointment of counsel.  Accordingly, Petitioner's request for
8  appointment of counsel is DENIED.  This denial is without prejudice to the Court's sua sponte
9  reconsideration should the developments of this case dictate otherwise.
10   Accordingly, Petitioner must file the traverse *pro se* or find new counsel.  The deadline for
11 the traverse to be filed is April 13, 2016.
12 **IT IS SO ORDERED.**

14 Dated:  February 21, 2016

                _____
                LUCY H. KOH
                United States District Judge

3
Case No. 09-CV-05602-LHK
ORDER DENYING MOTION FOR COURT-APPOINTED ATTORNEY